NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT RUDOLPH | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No.06-cv-1511 (DMC) |
| YARI FILM GROUP RELEASING, *et al.*, | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon motion by Defendants Yari Film Group Releasing, Yari Film Group, Sidney Lumet, Robert McCrea, T.J. Mancini, Crossroads Entertainment, Three Wolves Production, One Race Films, Freestyle Releasing, LLC, Robert Greenhut, Mark Vincent a/k/a Vin Diesel, George "Zakk" Vitetzakis, Robert DeBrino, Rita Branch, Johnny Sanchez, Roger Zamudio, Frank Di Giacomo, and Robert Katz (collectively, the "Moving Defendants") to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) the Second and Third Counts of the Complaint against them by Robert Rudolph ("Rudolph" or "Plaintiff") on the ground that the state law claims for common law misappropriation or unjust enrichment are preempted by the federal Copyright Act, 17 U.S.C. § 301. Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that the Moving Defendants' motion to dismiss is **denied** as to Count Two of the Complaint and **granted** as to Count Three of the Complaint.

I.   **BACKGROUND**

Plaintiff Robert Rudolph was, until recently, a long-time staff writer for The Star Ledger of Newark.  Compl. ¶4.  Between November 1986 and August 1988, Rudolph covered a twenty-one month criminal trial before the United States District Court for the District of New Jersey in which the federal government indicted more than twenty alleged members of the Lucchese crime family (the "Trial").  Id. ¶¶ 38, 43, 47.  In 1992, Rudolph published a book about the Trial titled <u>The Boys from New Jersey: How the Mob Beat the Feds</u>, based upon Plaintiff's research of the Trial.  Id. ¶ 38.

In or around 2005, the named Defendants began producing a film entitled FIND ME GUILTY (the "Film"), which portrays the same events addressed in Plaintiff's book.  Id. ¶ 61-64.  Plaintiff thereafter brought suit against 45 defendants, known and unknown, including individuals, corporations, producers, directors and actors, alleging claims for copyright infringement, misappropriation and unjust enrichment.  Specifically, Plaintiff's Second and Third Counts seek remedies under state law misappropriation and unjust enrichment theories.  The Moving Defendants have filed this motion to dismiss Plaintiff's Second and Third Counts pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that such claims are preempted by Section 301 of the Copyright Act.

II.  **DISCUSSION**

   A.   **Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and must be viewed in the light most favorable to the plaintiff.  See <u>Warth v. Seldin</u>, 422 U.S. 490, 501 (1975); <u>Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.</u>, 140 F.3d 478, 483 (3d Cir.1998).  In evaluating a Rule 12(b)(6) motion to

dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

**B.    Preemption**

A cause of action based on state law must be dismissed if it is pre-empted by federal law. The Supreme Court has defined three circumstances in which "state law is pre-empted under the Supremacy Clause." English v. Gen. Elec. Co., 496 U.S. 72, 79 (1990) (citing U.S. Const., Art. VI, cl. 2). "First, Congress can define explicitly the extent to which its enactments pre-empt state law." Id. (citing Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 95-98 (1983)). "Second, in the absence of explicit statutory language, state law is pre-empted where it regulates conduct in a field that Congress intended the Federal Government to occupy exclusively." Id. "Finally, state law is pre-empted to the extent that it actually conflicts with federal law." Id.

Here, the Moving Defendants contend that Plaintiff's state law claims are preempted by Section 301 of the Copyright Act because copyright is "a field of regulation which the [applicable federal] laws have reserved to Congress." Defs. Br. at 3 (quoting Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc., 7 F.3d 1434 (9th Cir. 1993)). Section 301 states in relevant part that

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 . . . are governed exclusively by this

> title.  Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any state.

17 U.S.C. § 301(a).  In interpreting § 301, the Third Circuit relied upon the Congressional House Judiciary Committee Note accompanying it: "the intent of § 301 'is to preempt and abolish any rights under the common law or statutes of a State that are equivalent to copyright.' "  Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc., 307 F.3d 197, 217 (3d Cir. 2002) (citing House Report No. 94-1476).  To determine whether a state law claim is "equivalent," and thereby preempted by federal copyright law, the Third Circuit has adopted a "functional test:"

> if a state cause of action requires an extra element beyond mere copying, preparation of derivative works, performance, distribution, or display, then the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim and federal law will not preempt the state action.

Id. (citing Data Gen. Corp. v. Grumann Sys. Support Corp., 36 F.3d 1147, 1164 (1st Cir. 1994)).  However, the Third Circuit cautioned that "[n]ot every extra element is sufficient to establish a qualitative variance between rights protected by federal copyright law and that by state law."  Id. at 218 (citing Data Gen. Corp., 36 F.3d at 1164-65; Computer Assocs. Int'l., Inc. v. Altai, 982 F.2d 693, 717 (2d Cir. 1992)).  In determining whether the alleged extra element contained within the state law claim is sufficient to avoid preemption, courts have considered "what the plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced."  Daley v. Firetree, Ltd., No. 4:CV-04-2213, 2006 WL 148879, at *2 (M.D. Pa. Jan 19, 2006) (quoting Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 305 (2d Cir. 2004)).

**III.  ANALYSIS**

The Moving Defendants correctly note that the work upon which Plaintiff's claims are based

fall within the subject matter of copyright. Specifically, "literary works" are included in the list of works that are the "Subject Matter of Copyright." See 17 U.S.C. § 102(a)(1). Thus, Plaintiff's book, The Boys from New Jersey: How the Mob Beat the Feds, is within a field that Congress intended to occupy exclusively. Nevertheless, Plaintiff's claims based on this work are not preempted by federal law if they are not "equivalent" to copyright claims. Central to this analysis is whether the state law claims require an "extra element" beyond a federal copyright claim.

        **A.     Misappropriation Claim**

Plaintiff's common law misappropriation claim, as articulated in the Second Count of the Complaint, seeks relief upon an unfair competition theory. Specifically, Plaintiff alleges that "Defendants used Rudolph's own Book in competition with him, essentially destroying any chance or opportunity he may have had to develop his own work into a Film." Compl. ¶95. Plaintiff argues that his misappropriation claim contains an "extra element" beyond his federal copyright claim because it requires proof of direct competition. Plaintiff relies heavily on United States Golf Association v. St. Andrews Systems, Data-Max, Inc. (U.S. G.A.), wherein the Third Circuit held that "New Jersey would require direct competition in a misappropriation case, absent a substantial justification for making an exception." 749 F.2d 1029, 1039 (3d Cir. 1984). Having reached this conclusion, the Third Circuit found that a misappropriation claim is not pre-empted by federal intellectual property law if direct competition is alleged. Id. at 1038-39 n.19 (citing Columbia Broad. Sys. Inc. v. Melody Recordings, Inc., 134 N.J. Super. 368 (App Div. 1975)).

While the Moving Defendants correctly note that U.S.G.A. is distinguishable in many respects, including the fact that it addressed whether a misappropriation claim is pre-empted by

patent law and not copyright law; the case is not inapposite. U.S.G.A. is relevant to the disposition of this case in so far as it recognizes that a common law misappropriation claim may contain an extra element not present in a copyright claim; namely, direct competition. Thus, a misappropriation claim alleging unfair competition may require "an extra element beyond mere copying, preparation of derivative works, performance, distribution, or display" and is not automatically pre-empted by federal copyright law. Dun & Bradstreet, 307 F.3d at 217.

The Court is cognizant of the Third Circuit's warning that "[n]ot every element is sufficient to establish a qualitative variance between rights protected by federal copyright law and that by state law." Id. at 218 (finding that a misappropriation of trade secrets claim contains the necessary "extra element" to avoid preemption because it requires a proof of breach of duty or trust). The Moving Defendants contend that even if a misappropriation claim contains the "extra element" of direct competition, it is still not qualitatively different from a copyright claim. The Moving Defendants argue that "virtually every copyright claim would give rise to related state law claims because any unauthorized use of a copyrighted work is in competition with the copyright owner's exclusive rights." Defs. Reply at 9. This reasoning is not persuasive because it takes too narrow a view of what makes a claim "qualitatively different" for preemption purposes. As the Third Circuit clearly established in Dun & Bradstreet, Congress did not intend to eviscerate all state law misappropriation claims. 307 F.3d at 217. It may be true that many copyright infringement claims also give rise to state law misappropriation claims; however, this does not compel the conclusion that all misappropriation claims are pre-empted by copyright law. Rather, a misappropriation claim should not be preempted where a plaintiff asserts alternative "theories in which the matter is thought to be

protected" and additional "rights sought to be enforced." Daley, 2006 WL 148879 at *2 (quoting Briarpatch, 373 F.3d at 305).

Here, Plaintiff's misappropriation by unfair competition claim contains an extra element sufficient to avoid preemption. The claim is "qualititatively different" from a copyright claim because it requires proof of direct competition. Plaintiff has alleged and bears the burden of proving at trial that the Moving Defendants' conduct was in direct competition with Plaintiff. In doing so, Plaintiff will be utilizing an alternative theory under which his work is protected. Furthermore, Plaintiff is asserting additional rights: the right to be free from direct competition with another's use of one's own work. More specifically, Plaintiff alleges a right to develop his book into a film without having to compete with another's film based on the same work. Plaintiff is not simply alleging that his work was tortiously misappropriated because of a copyright infringement. Plaintiff does not argue that Defendants misappropriated his work because they copied and used the contents of his book. Rather, Defendants allegedly misappropriated Plaintiff's work because they used it in direct competition with him. In light of the fact that the misappropriation claim requires proof of an additional element, Plaintiff's state law misappropriation claim is not preempted by federal copyright law; as such Rule 12(b)(6) dismissal is inappropriate as to this claim.

**B.     Unjust Enrichment Claim**

Plaintiff's common law unjust enrichment claim, as articulated in the Third Count of the Complaint seeks relief on the ground that Defendants received the benefit of Rudolph's "time and expense in researching the extensive factual information, trial transcripts and record evidence related to the Trial and reducing the same to a cogent, entertaining and readable book" without

compensating Rudolph accordingly.  Compl. ¶¶99-102; see also Pl. Opp'n Br. at 15.  Unlike Plaintiff's misappropriation claim, Plaintiff fails to identify an "extra element" in the unjust enrichment claim that makes it qualitatively different from a claim for copyright infringement.  Rather, Plaintiff merely argues that his unjust enrichment claim is qualitatively different from a copyright claim because "it would be patently unjust to permit Defendants to retain the significant value they have improperly enjoyed by virtue of Rudolph's hard work without compensating him."  Pl. Opp'n Br. at 15.  The Third Circuit has not indicated that equitable considerations should be considered in the preemption analysis; thus, any potential unfairness to Plaintiff is irrelevant to the preemption analysis.  The unjust enrichment claim is preempted by federal copyright law because it does not "require[] an extra element beyond mere copying, preparation of derivative works, performance, distribution, or display."  Dun & Bradstreet, 307 F.3d at 217.  Accordingly, Rule 12(b)(6) dismissal is appropriate as to this claim.

## IV.   CONCLUSION

For the reasons stated, it is the finding of this Court that the Moving Defendants' motion to dismiss pursuant to Rule 12(b)(6) is **denied** as to Count Two of the Complaint and **granted** as to Count Three of the Complaint.  An appropriate Order accompanies this Opinion.


 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:          February __23, 2007
Orig.:         Clerk
cc:            Counsel of Record
               The Honorable Mark Falk, U.S.M.J.
               File